IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02121-REB-BNB

KAREN S. ZANDER,

Plaintiff,

v.

CRAIG HOSPITAL, and
RICK BAYLES, PH.D., CNIM,

Defendants.
_____

**AMENDED ORDER**
_____

This order amends my previous Order [Doc. # 34] entered on January 15, 2010.

This matter arises on **Defendants Craig Hospital and Rick Bayles, Ph.D., CNIM's Supplement to Their Motion to Conduct *Ex Parte* Meetings With Plaintiff's Medical Providers** [Doc. # 23, filed 12/29/2009] (the "Motion"). I held a hearing on the Motion on January 12, 2010, and made rulings on the record, which are incorporated here.

The defendants seek leave to conduct ex parte interviews with certain medical care providers concerning their care of the plaintiff in connection with the treatment underlying this medical malpractice case. The plaintiff resists the request, arguing that her counsel must be allowed to attend those interviews pursuant to Samms v. District Court, 908 P.2d 520 (Colo. 1995).

In Samms, the Colorado Supreme Court held:

> When a patient initiates a civil action and by alleging a physical or mental condition as the basis for a claim of damages injects that

> issue into the case, the patient thereby impliedly waives his or her
> physician-patient privilege with respect to that medical condition.
> 
> \* \* \*
> 
> [A] trial court has authority to permit a defense attorney to conduct
> informal interviews with a plaintiff's treating physicians in the
> absence of the plaintiff or the plaintiff's attorney about matters not
> subject to a physician-patient privilege so long as the plaintiff is
> given reasonable notice of such interviews to permit the plaintiff or
> the plaintiff's attorney to attend or to take other appropriate steps
> to ensure that privileged information will not be discussed.

Id. at pp. 524 and 529.

The Colorado court took the opportunity in Reutter v. Weber, 179 P.3d 977, 979 (Colo. 2007), to further explain its holding in Samms:

> Samms did not create a blanket rule that a plaintiff is always
> entitled to attend an interview of a non-party medical provider.
> Instead, it held that the trial court should take appropriate measures
> to protect against the divulgement of residually privileged
> information, and that allowing the plaintiff to attend the interview
> is the preferred measure where there is a high risk that residually
> privileged information will be divulged.

Here, the defendants seek to conduct ex parte interviews of health care providers who treated the plaintiff solely in connection with matters underlying her malpractice claim. Consequently, I find that these health care providers have no residually privileged information. In the absence of residually privileged information, I find that there is no reason to allow the plaintiff or her counsel to attend the interviews.

By filing the instant Motion the defendants gave the plaintiff reasonable notice of the interviews they intend to conduct. Also by filing this Motion the defendants provided the plaintiff with an opportunity to take appropriate steps--by resisting the Motion, filing a motion for protective order, or otherwise--to ensure that residually privileged information will not be disclosed. The defendants have fully satisfied the notice obligation imposed by Samms, 908

P.2d at 526 (requiring that the plaintiff must be given reasonable notice of any proposed informal interviews).

IT IS ORDERED that the plaintiff has waived the physician-patient privilege with respect to the following medical conditions (the "Waived Conditions"):

> Pre-operative, operative, and post-operative care, including pre-operative work-up, the operations performed on September 7 and 9, 2007, and post-operative care including physical and occupational therapy for and including progressive myelopathy, T9-12 laminectomies, untethering of the thoracic spinal cord, expansive duraplasty, and cyst subarachnoid shunt, T3-8 decompressive laminectomies and removal of extradural compressive lipoma, and the resulting complete paraplegia, neurogenic bowel and bladder spasticity, depression, and neuropathic pain.

IT IS FURTHER ORDERED that the defendants may conduct ex parte interviews of the following health care providers (the "Authorized Providers") concerning the Waived Conditions outside the presence of the plaintiff or her lawyers:

1. Kent Davis, M.D.
2. Glen Bolton, M.D.
3. Scott Anderson, M.D.
4. Dr. Shih-Fong Hsu
5. Dr. Thomas Balazy
6. Irene Gabalis, R.N.
7. J. Sarah Close, R.N.
8. Linda Leon, R.N.
9. Deborah Croft, R.N.
10. Jean E. Yarbrough, R.N.
11. Sara Schneeberger
12. Kristin Wiggers
13. Dayna Reisch
14. Lisa Shelton
15. Gerald McGineley
16. Jessica Nicolosi, P.T.
17. Janice Plattner, P.T.
18. Sharon Blackburn, P.T.
19. Christopher Crowley
20. Jennifer Phillips, O.T.
21. Shad St. Louis, OTR
22. Lola Hershberger, OTR
23. Dr. David Ripley

IT IS FURTHER ORDERED that the defendants shall provide a copy of this Order to each Authorized Provider at least five days prior to interviewing the Authorized Provider.

3

Dated February 1, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge