IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02121-REB-BNB

KAREN S. ZANDER,

Plaintiff,

v.

CRAIG HOSPITAL, and
RICK BAYLES, PH.D., CNIM,

Defendants.
_____

# ORDER
_____

This matter arises on **Defendants' Motion for Stay of Order Dated April 8, 2010** [Doc. # 66, filed 4/15/2010] (the "Motion to Stay"), which is GRANTED.

By an Order [Doc. # 44] entered on March 2, 2010, I required defendant Craig Hospital to produce five documents which I characterized as the organic documents creating and defining Craig Hospital's quality management program. Craig Hospital asserted that the organic documents are subject to the Colorado quality assurance privilege created by section 25-3-109, C.R.S.

I subsequently stayed the effect of the March 2 Order pending reconsideration. Order [Doc. # 53, filed 3/10/2010]. In granting the stay pending reconsideration, I noted that stays of magistrate judge discovery orders should be granted sparingly. This is consistent with the local rules of practice of this court, which provide:

> The filing of an objection, pursuant to Fed. R. Civ. P. 72(a), to an
> order by a magistrate judge concerning a discovery issue does not
> stay the discovery to which the order is directed. Any stay of the

magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district judge. The motion shall be supported by good cause.

D.C.COLO.LCivR 30.2B. See Esparza v. Bridgestone/Firestone, Inc., 200 F.R.D. 654, 657 (D. Colo. 2001) (noting that "sound policy" militates against an automatic stay of a magistrate judge's order pending a ruling by the district judge).

Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt. HEI Resources East OMG Joint Venture v. Evans, 2009 WL 250364 *1 (D. Colo. Feb. 3, 2009). As the court noted in National Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D. N.M. 1991):

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to a party seeking the stay, however. I apply a four part test to determine whether a stay of my discovery order is appropriate:

> (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest.

HEI Resources, 2009 WL 250364 at *2 (internal quotation and citation omitted). In addition, "a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." Id.

2

After reconsidering the March 2 Order, I again granted the motion to compel, requiring Craig Hospital to disclose the organic documents by April 16, 2010. Order [Doc. # 63, filed 4/8/2010] at p. 17. Craig Hospital has objected to the April 8 Order, and seeks to stay its effect until it can be reviewed by the district judge.

This case presents one of the situations anticipated in <u>HEI Resources</u> as justifying a stay pending further proceedings--"where enforcing the existing discovery order would require the disclosure of arguably privileged information. . . ." <u>Id</u>. Although I do not believe that Craig Hospital will ultimately prevail on its objection, it is likely that irreparable harm could result if a stay is not granted, the April 8 Order is reversed, and privileged information is disclosed in the meantime. I find that no substantial harm will result from the brief stay necessary for a review of the April 8 Order. In addition, construction of the state law privilege is a matter of first impression, and under these circumstances the public interest is served by a stay.

IT IS ORDERED that the Motion to Stay [Doc. # 66] is GRANTED pending a determination by the district judge of Craig Hospital's Objections [Doc. # 67].

Dated April 20, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge