FILED
United States Court of Appeals
Tenth Circuit

June 10, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

CRAIG HOSPITAL; RICK BAYLES, Ph.D., CNIM,

    Petitioners.

No. 10-1232
(D.C. No. 1:09-CV-02121-REB-BNB)
(D. Colo.)

---

**ORDER**

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Craig Hospital and Rick Bayles filed a petition for writ of mandamus asking this Court to reverse the district court's orders directing Craig Hospital to produce quality management documents that the district court determined were not protected by Colorado's quality assurance privilege, Colo. Rev. Stat. § 25-3-109. We deny the writ.

"[A] writ of mandamus is a drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (quotations omitted). It "is used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* (quotations omitted). "Therefore, we will grant a writ only when the district court has acted wholly without

jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* (quotations omitted). "Three conditions must be met before a writ of mandamus may issue": (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires"; (2) "the petitioner must demonstrate that his right to the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* at 1187 (quotations omitted).

We have considered the petition in light of the district court's March 2, April 8, and May 10, 2010, orders, and we conclude that the petitioners have failed to demonstrate a right to the writ that is clear and indisputable. "It is not appropriate to issue a writ when the most that could be claimed is that the district court[] . . . erred in ruling on matters within [its] jurisdiction." *Id.* (quotations omitted). And that is what we have before us: petitioners' arguments that the district court erred in ruling that Craig Hospital's organic documents were not protected by Colorado's quality assurance privilege, Colo. Rev. Stat. § 25-3-109. The district court's rulings were within its jurisdiction and petitioners have failed to demonstrate that this case justifies the drastic remedy they seek.

Accordingly, this court's May 29, 2010, temporary stay order is vacated,

and the petition for writ of mandamus is DENIED.  Additionally, petitioners' request for oral argument is DENIED.

>Entered for the Court,
>
>*Elisabeth A. Shumaker*
>
>ELISABETH A. SHUMAKER, Clerk