IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02121-REB-BNB

KAREN S. ZANDER,

Plaintiff,

v.

CRAIG HOSPITAL, and
RICK BAYLES, PH.D., CNIM,

Defendants.

---

**ORDER**

---

This matter arises on the following:

(1)     **Plaintiff's Motion for Extension of Time to Complete Discovery** [Doc. # 99,

filed 7/13/2010] (the "Motion for Extension");

(2)     **Defendants Craig Hospital and Rick Bayles, Ph.D., CNIM's Motion to Strike**

**Plaintiff's Untimely and Improper Endorsement of Expert Witness Dave Barnkow** [Doc. #

96, filed 7/12/2010] (the "Motion to Strike Barnkow Endorsement");

(3)     **Defendants Craig Hospital and Rick Bayles, Ph.D., CNIM's Motion to Strike**

**Plaintiff's 15th Supplemental Disclosure** [Doc. # 107, filed 7/15/2010] (the "Motion to Strike

15th Supp. Disclosure"); and

(4)     **Plaintiff's Motion to Strike Defendants' Supplemental Expert Disclosures**

**Filed July 15, 2010** [Doc. # 115, filed 7/19/2010] (the "Motion to Strike Supp. Expert

Disclosures").

I held a hearing on the motions this morning and made rulings on the record, which are

incorporated here.

I.

The plaintiff has delayed taking the depositions of Dana Polonsky and Lavar Best, M.D., and completing the deposition of Dr. Bayles pending the resolution of issues concerning the defendants' assertion of a quality assurance privilege. Initially the defendants refused to produce the organic documents of Craig Hospital underlying the asserted quality assurance privilege, but those documents finally were produced on June 14, 2010, after the circuit court refused to issue a writ of prohibition. To date, the defendants have refused to disclose additional investigative documents concerning the review of the outcome of the plaintiff's surgery, asserting a quality assurance privilege. The plaintiff has recently filed a motion to compel production of those documents. See Plaintiff's Second Motion to Compel Investigative Documents [Doc. # 125, filed 7/27/2010]. The pendency of the dispute concerning investigative documents and the fact that the postponed deposition inquiry was intended, in part, to relate to the asserted quality assurance privilege constitutes good cause to extend the discovery cut-off as to the depositions of Ms. Polonsky and Drs. Best and Bayles.

II.

The plaintiff has attempted to designate Dave Barnkow to give expert testimony. Although Mr. Barnkow may not be asked to render any opinions, the designation clearly indicates that he will be asked to "give a dissertation or exposition of scientific or other principles relevant to the case" to assist the jury in deciding whether Dr. Bayles satisfied the applicable standard of care, and to provide "enlightenment from [one] having a specialized understanding of the subject matter involved in the dispute." See Fed. R. Evid. 702 at Comment

to 1972 Proposed Rules.

The Scheduling Order entered in this case required the disclosure of the plaintiff's

principal experts by  March 1, 2010, and rebuttal experts by April 20, 2010.  Consequently, the

disclosure of Mr. Barnkow comes months late.

Pursuant to Rule 37(c)(1), Fed. R. Civ. P.:

> If a party fails to provide information . . . as required by Rule 26(a)
> or (e), the party is not allowed to use that information . . . to supply
> evidence on a motion or at a hearing, or at a trial, unless the failure
> was substantially justified or is harmless.

The Tenth Circuit Court of Appeals has articulated the following four factors to be

considered in determining whether a failure to disclose is justified or harmless:

> (1) the prejudice or surprise to the party against whom the
> testimony is offered; (2) the ability of the party to cure the
> prejudice; (3) the extent to which introducing such testimony
> would disrupt the trial; and (4) the moving party's bad faith or
> willfulness.

Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir.

1999).

I find that the defendants would be prejudiced if I allowed the testimony of Mr. Barnkow.

The designation introduces new areas of expertise into the case only six weeks before trial.  This

is a complex medical malpractice action.  The defendants would have no reasonable opportunity

to depose Mr. Barnkow, analyze his opinions, identify an expert in rebuttal, and otherwise

prepare to respond to his opinions.

It is impossible to cure the prejudice given the short time to trial, and particularly in view

of the issues already pending and requiring resolution.

It is not apparent that allowing the late designation would disrupt the trial of the case, but

it could necessitate vacating the current trial date.

Although there is no indication of bad faith on the part of the plaintiff, the late designation demonstrates a lack of reasonable diligence. The plaintiff states that Mr. Barnkow's testimony is intended to respond to matters raised during Dr. Bayles' deposition. That deposition occurred in December 2009. In the exercise of reasonable diligence, the plaintiff should have made the disclosure within the time allowed by the Scheduling Order for the disclosure of experts.

On balance, I cannot say that the late disclosure is either justified or harmless.

### III.

The Plaintiff's 15th Supplemental Disclosure identifies three nurses as potential witnesses. The nurses previously were disclosed by the defendants. Consequently, there is no surprise in connection with the disclosure of the nurses. In view of the defendants' previous disclosure of the nurses, I do not find the Plaintiff's 15th Supplemental Disclosure to be untimely. In addition, the defendants suffer no prejudice as a result of the disclosure.

The defendants' real objection is that the anticipated testimony of the nurses will be irrelevant, Motion to Strike 15th Supp. Disclosure [Doc. # 1-107] at ¶4, and that the nurses are not qualified to give the anticipated testimony. Id. at ¶5. Issues of relevancy and qualification must be made during trial and in the context of the evidence already admitted.

IV.

On July 15, 2010, the defendants served their Supplemental Expert Disclosures Pursuant

to Fed. R. Civ. P. 26(a)(2) (the "Supplemental Expert Disclosure").  In it, the defendants

purported to supplement the expert opinions of six of their expert witnesses.  The Supplemental

Expert Disclosure reveals additional materials reviewed, additional bases for opinions, and

additional opinions to be offered.  Rather than containing actual statements of opinion, however,

the Supplemental Expert Disclosure identifies general areas of testimony which the experts will

give.  For example, the Supplemental Expert Disclosure purports to extensively supplement the

opinions of Dr. Allan Levi, as follows:

> In addition to the previously disclosed opinions of Dr. Levi, Dr.
> Levi may be asked to testify to Karen Zander's extensive past
> medical history.  He will testify to her signs and symptoms and the
> cause of those her progressive spine condition and its associated
> problems.  He will testify that Ms. Zander sought evaluations,
> consultations, advice and opinions from numerous physicians and
> will describe and discuss those evaluations, consultations, and care
> and treatment.  He will discuss the advice provided to Ms. Zander
> from the various providers regarding spine surgery for Ms. Zander
> and its potential outcomes and complications.
>
> Dr. Levi will also testify regarding the anatomy and physiology of
> the nervous system, including, but not limited to the brain, spine
> cord, and nerves associated therewith.  He may testify regarding
> the various component of the spinal cord, such as motor and
> sensory tracts.  He may be asked to discuss the innervation of areas
> of the body by nerves associated with various levels of the spinal
> cord.  He may be asked to discuss the anatomy and physiology of
> the spine, especially relating to areas of the thoracic spine.
>
> Dr. Levi will testify regarding the evaluations, care and treatment
> provided to Ms. Zander at Swedish Hospital and Craig Hospital at
> issue in this case.  Dr. Levi may also testify regarding the
> subsequent care and treatment Ms. Zander has received since her
> discharge from Craig Hospital.  He will also testify regarding Ms.
> Zander's current condition.

Dr. Levi will rebut opinions expressed by Plaintiff's experts. He may also testify regarding any matter addressed during his deposition. Dr. Levi's opinions may be supplemented upon the review of additional depositions in this matter, or upon discovery of new information in this case.

Dr. Levi will use drawings and other demonstrative exhibits to illustrate his testimony, including medical and anatomical models or diagrams, overheads or projections of these diagrams, slides, medical literature regarding Karen Zander's care and treatment, as well as other salient exhibits. He may use medical and surgical instruments and equipment to illustrate and explain his testimony. Dr. Levi may also use Karen Zander's medical records, photographs, x-rays and overheads, or other projections of these records to illustrate and explain his testimony.

Supplemental Expert Disclosure [Doc. # 115-1] at pp. 2-4.

These supplemental disclosures do not comply with the requirements of Rule 26(a)(2)(B) that an expert's written report contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and specify the "data or other information considered by the witness in forming them." Nor is it prepared and signed by the witnesses.

The plaintiff will be prejudiced if the defense experts are allowed to supplement their opinions at this late date and in this shotgun and generalized manner. The plaintiff would be required to re-depose the defendants' experts to discover what their supplemental opinions are, and there is no adequate time to do that or for the plaintiff to prepare to respond to the supplemental opinions. The Supplemental Expert Disclosure is a bad faith attempt by the defendants to expand without reasonable bounds the areas about which their experts may testify.

\* \* \*

For the reasons stated:

IT IS ORDERED that the Motion for Extension [Doc. # 99] is GRANTED. The

discovery cut-off is extended to and including August 18, 2010, solely to allow the plaintiff to

depose or complete the depositions of Dana Polonsky; Lavar Best, M.D.; and Rick Bayles, Ph.D.

IT IS FURTHER ORDERED that the Motion to Strike Barnkow Endorsement [Doc. #

96] is GRANTED.  Mr. Barnkow may not testify at trial.

IT IS FURTHER ORDERED that the Motion to Strike 15th Supp. Disclosure [Doc. #

107] is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike Supp. Expert Disclosures [Doc. #

115] is GRANTED IN PART and DENIED IN PART.  The defendants' experts may testify

about all matters fairly and time disclosed in their expert reports made on or before March 31,

2010, but those opinions may not be supplemented or enlarged by the Supplemental Expert

Disclosure.

Dated July 29, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge