IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02121-KHV-BNB

KAREN S. ZANDER,

Plaintiff,

v.

CRAIG HOSPITAL, and
RICK BAYLES, PH.D., CNIM,

Defendants.

---

## ORDER

---

At the direction of the district judge,

IT IS ORDERED:

(1)     The parties shall utilize the attached form to prepare the proposed final pretrial

order, which is due to be filed on January 20, 2011; and

(2)     The proposed final pretrial order shall designate July 6, 2011, as the back-up trial

date.

Dated January 4, 2011.

BY THE COURT:

_____
United States Magistrate Judge

(Rev. 3/3/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

# PRETRIAL ORDER FORM

## PLEASE REVIEW THE ATTACHED PRETRIAL ORDER FORMAT, ALONG WITH FED. R. CIV. P.  16 AND D. KAN. RULES 16.1 AND 16.2, AND FOLLOW ALL BRACKETED INSTRUCTIONS.

Before the pretrial conference, the parties must confer, draft, and timely submit to the court a proposed pretrial order in accordance with the scheduling order and D. Kan. Rule 16. The proposed pretrial order is to be a joint effort of all parties.  The parties have an equal obligation to cooperate fully in drafting the pretrial order and to submit an agreed order that the judge can sign at the pretrial conference.  It is essential that each party's factual contentions and legal theories be included.  If the parties disagree on any particulars, they shall submit a single proposed order with bracketed notations revealing the nature of the disagreement in sufficient detail to enable the court to resolve the dispute at the conference. Submission of separate orders is <u>not</u> acceptable.

By the date set in the scheduling order, counsel for the defendant(s) shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to the e-mail address of the judge who will conduct the pretrial conference, as listed in paragraph II(E)(2)(c) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases* ("administrative procedures guide").  The proposed pretrial order shall <u>not</u> be filed with the Clerk's Office.  The proposed pretrial order shall be in the form attached to this cover memorandum.  Counsel and all unrepresented parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the administrative procedures guide.

Do not precede the title of the proposed order with words such as "Plaintiff's," "Defendant's" or "Proposed."

(Rev. 3/3/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

_____,    )
    )
    Plaintiff,    )
    )
v.    )    Case No. _____
    )
_____,    )
    )
    Defendant.    )

## PRETRIAL ORDER

Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference was held in this case [by telephone] on _____ __, 20__, before _____, U.S. Magistrate [District] Judge.

This pretrial order shall supersede all pleadings and control the subsequent course of this case.  It shall not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. *See* Fed. R. Civ. P. 16(d); D. Kan. Rule 16.2(c).

**1.      APPEARANCES.**

The plaintiff, _____, appeared at the pretrial conference through counsel, _____. The defendant, _____, appeared through counsel, _____.

2.     **NATURE OF THE CASE.**

*[Insert a brief statement, preferably in one sentence, which characterizes the type of action involved, e.g., "This is a Title VII employment case involving claims of race and sex discrimination." It is not necessary or appropriate to set forth a narrative of the facts and legal conclusions as claimed by plaintiff, or that plaintiff's claims are disputed by defendant.]*

3.     **PRELIMINARY MATTERS.**

a.     **Subject Matter Jurisdiction.** Subject matter jurisdiction is invoked under [28 U.S.C. § 1331, 28 U.S.C. § 1332, and/or 28 U.S.C. § 1367, etc.], and [is] [is not] disputed.

*[If disputed, briefly state the issue presented and whether the court has ruled on the issue.]*

b.     **Personal Jurisdiction.** The court's personal jurisdiction over the parties [is] [is not] disputed.

*[If disputed, briefly state the issue presented and whether the court has ruled on the issue.]*

c.     **Venue.** The parties stipulate that venue properly rests with this court.

*[If disputed, however, briefly state the issue presented and whether the court has ruled on the issue.]*

d.     **Governing Law.** Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law:

*[Describe what law applies to this case, or to particular claims or defenses. If disputed, briefly state the issue presented and whether the court has ruled on the issue.]*

4. **STIPULATIONS.**

*[Separately state and letter each stipulation, including the following, where appropriate and as agreed to by the parties in this case.]*

a. The following facts are uncontroverted:

*[Insert separately numbered subparagraphs after carefully consulting the complaint and answer, responses to requests for admissions, interrogatory answers, etc. Counsel must confer in good faith and try to make this list as comprehensive as possible. Only in truly exceptional cases should there be a failure to stipulate to some facts.]*

b. The following documents constitute business records within the scope of Fed. R. Evid. 803(6) and may be introduced in evidence during trial without further foundation, subject to objections based solely on grounds of relevancy: *[list]*.

c. Copies of exhibits may be used during trial in lieu of originals.

d. The parties have stipulated to the admission of the following trial exhibits: *[list]*.

e. At trial, witnesses who are within the subpoena power of the court and who are officers, agents, or employees of the parties need not be formally subpoenaed to testify, provided that opposing counsel is given at least _____ business days advance notice of the desired date of trial testimony. For purposes of this entire pretrial order, the calculation of "business days" does not include Saturday, Sunday, or any legal holiday as defined by Fed. R. Civ. P. 6(a)(4).

f. By no later than ____ p.m. each day of trial, counsel shall confer and exchange a good faith list of the witnesses who are expected to testify the next day of trial.

g.    **[Optional]**  Subject to the court's determination of the law that applies to the

case, the following legal principles are undisputed by the parties:

> *[As indicated above, this paragraph is optional. It should only be used in unusual cases where counsel believe such a listing will significantly assist the court.]*

## 5.    FACTUAL CONTENTIONS.

### a.    Plaintiff's Contentions.

> *[Provide a concise, non-argumentative narrative statement of plaintiff's version of the ultimate facts as they pertain to the pertinent issues of this case. "Ultimate" facts are those that are necessary to determine issues in the case, as distinguished from evidentiary facts supporting them, i.e., it is neither necessary nor appropriate to recite every factual nuance that will be presented at trial. In simple cases, these contentions typically should be no more than 3-4 paragraphs, and even in complex cases they should be no more than 4-5 pages.]*

### b.    Defendant's Contentions.

> *[Provide a brief, non-argumentative narrative statement of defendant's version of the ultimate facts, consistent with the note to paragraph 5(a) above.]*

### c.    Contentions of [Any Other Parties].

> *[Use this subparagraph only if necessary, i.e., omit this paragraph if there are no other parties. If this subparagraph is applicable, see note to paragraph 5(a) above.]*

## 6.    THEORIES OF RECOVERY.

### a.    List of Plaintiff's Theories of Recovery.  Plaintiff asserts that [he] [she] [it]

is entitled to recover upon the following theory [alternative theories]:

*[Provide a complete but concise list, preferably in a single sentence or in "bullet point" format, of plaintiff's theories of recovery, with each theory of recovery correlated to a particular count of the complaint, e.g., "Defendant terminated plaintiff's employment in violation of Title VII, specifically, by discriminating against her based on race (Count 1 of complaint) and sex (Count 2 of complaint)." If certain counts of the complaint have been abandoned by plaintiff, or dismissed by the court, indicate that here. If this case involves counterclaims, cross-claims, or third-party claims, then similar lists for those theories of recovery should be set forth in separate subparagraphs.]*

      **b.**    **Essential Elements of Plaintiff's _____ [First, Second, etc.] Theory of Recovery (i.e., _____) [e.g., sex discrimination].**   Subject to the court's determination of the law that applies to this case, the parties agree [plaintiff believes] that, in order to prevail on this theory of recovery, plaintiff has the burden of proving the following essential elements: *[list].*

*[For each theory of relief, the parties should carefully consider the controlling precedents and jury instructions and be fully conversant with the essential elements that must be proven to establish a prima facie case. If a particular element is uncontroverted, that should be noted parenthetically in the listing of elements. This format should be repeated, with separately lettered subparagraphs, for each theory of relief. If this case involves counterclaims, cross-claims, or third-party claims, a similar articulation of the applicable essential elements of such claims should be set forth in separate subparagraphs.*

*In most cases, if the parties research the law and then confer in good faith about the applicable essential elements, they should be able to recite the elements on an agreed basis. However, if the parties disagree, that should be reflected in this part of the pretrial order, with the parties citing the authorities that support their respective positions.]*

**7.**    **DEFENSES.**

a.     **List of Defendant's Defenses and Affirmative Defenses.**  Defendant asserts

the following defenses and affirmative defenses: *[list].*

> *[Provide a complete but concise list, preferably in a single sentence or in "bullet point" format, of all of the defendant's defenses, regardless of whether the defense is a mere denial of a certain claim or whether the defense is affirmative in nature. When applicable, list the specific grounds of comparative fault. If this case involves counterclaims, cross-claims, or third-party claims, then similar lists of defenses should be set forth in separate subparagraphs.]*

b.     **Essential Elements of Defendant's _____ [i.e., First, Second, etc.]**

**Affirmative Defense (i.e., _____) [e.g., waiver].**  Subject to the court's

determination of the law that applies to this case, the parties agree [defendant believes] that,

in order to prevail on this affirmative defense, defendant has the burden of proving the

following essential elements: *[list].*

> *[This information should only be provided for those defenses that are truly affirmative in nature, meaning those on which the party defending a particular claim bears the burden of proof, e.g., waiver. For each affirmative defense, the parties should carefully consider the controlling precedents and jury instructions and be fully conversant with the essential elements that must be proven. If a particular element is uncontroverted, that should be noted parenthetically in the listing of elements. This format should be repeated, with separately lettered subparagraphs, for each affirmative defense. If this case involves counterclaims, cross-claims, or third-party claims, a similar articulation of the applicable essential elements of the pleaded affirmative defenses should be set forth in separate subparagraphs.*
>
> *In most cases, if the parties research the law and then confer in good faith about the applicable essential elements, they should be able to recite the elements on an agreed basis. However, if the parties disagree, that should be reflected in this part of the pretrial order, with the parties citing the authorities that support their respective positions.]*

8.    **FACTUAL ISSUES.**

One or more of the parties believe that the following material issues will need to be

resolved at trial by the trier of fact if summary judgment is not granted: *[list].*

> *[The court expects the parties to confer in good faith and then formulate a joint list the <u>major</u> factual issues that are reasonably expected to determine the outcome of the case at trial. Even in complex cases, the court anticipates that this list should contain no more than 10 such issues.*
>
> *Issues should only be included here if there is a good faith disagreement by the parties. If an essential element of a theory of relief or affirmative defense is uncontroverted, that element should not be reflected as a factual issue.*
>
> *In most cases, some issues will apply to all of the pleaded theories of relief and defenses, e.g., "Whether plaintiff suffered damages as a result of defendant's conduct and, if so, the nature and extent of those damages." However, the parties should indicate whether an issue applies only to particular theory of relief or affirmative defense. In any event, these issues should be specifically framed, e.g., "Did defendant have actual notice of the allegedly dangerous condition on its premises before plaintiff slipped and fell, as alleged in Count 1 of plaintiff's complaint?"*
>
> *Although the parties might disagree about the existence or description of such issues, do not submit separate lists for plaintiff and defendant; simply list all issues that any party believes exist. The only objection in this part of the pretrial order should be if a proposed factual issue has not been fairly preserved by the pleadings.]*

9.    **LEGAL ISSUES.**

One or more of the parties believe that the following are the significant legal or

evidentiary issues that will need to be resolved by the court in this case, whether on summary

judgment motion or at trial: *[list].*

> *[Here again, the court expects the parties to confer in good faith and then formulate a list of the <u>major</u> legal issues that are reasonably expected to determine the outcome of the case. Even in complex cases, the court anticipates that this list should contain no more than 10 such issues.*

*Some issues will apply to all of the pleaded theories of relief and defenses, but counsel should indicate whether an issue applies only to a particular theory of relief or affirmative defense. In any event, these legal issues should be specifically framed, e.g., "Whether the oral contract alleged by the plaintiff in Count 2 of its complaint is barred by the Statute of Frauds provision found in section 2-201 of the Uniform Commercial Code."   If defendant asserts that plaintiff has failed to state a claim upon which relief can be granted, defendant must articulate exactly which essential elements of a prima facie case plaintiff has not pleaded or is unable to prove.*

*Although the parties might disagree about the existence or description of such issues, do not submit separate lists for plaintiff and defendant; simply list all issues that any party believes exist. The only objection in this part of the pretrial order should be if a proposed legal issue has not been fairly preserved by the pleadings.]*

## 10.   DAMAGES.

### a.   Plaintiff's Damages.

*[State the injuries suffered, loss sustained, and/or the nature of the damages sustained. Include the dollar amount of damages and/or any other relief requested. This should be a specific, itemized list. In addition, state whether plaintiff claims an entitlement to attorneys' fees and, if so, the specific statutory or other basis for such fees.]*

### b.   Defendant's Damages.

*[State "None claimed" if appropriate.   If defendant is asserting a counterclaim for damages, however, state the specific injuries suffered, loss sustained, and/or the nature of any damages sustained and claimed by defendant. Include the dollar amount of damages and/or any other relief requested. This should be a specific, itemized list. In addition, regardless of whether defendant has asserted a counterclaim, state whether defendant claims an entitlement to attorneys' fees and, if so, the specific statutory or other basis for such fees.]*

### c.   Damages of [Other Parties].

*[Omit this subparagraph if no such claims are involved in this case. If this subparagraph is applicable, state the specific injuries suffered, loss sustained, and/or the nature of the damages sustained. Include the dollar amount of*

*damages and/or any other relief requested. As before, this should be a specific, itemized list.]*

## 11. NON-MONETARY RELIEF REQUESTED, IF ANY.

*[State "None" if only money damages are sought. Otherwise, specify any non-monetary relief sought by any party, e.g., injunctive relief, specific performance, or rescission. Include an explanation of the statutory and other bases for the requested non-monetary relief. For example, in the context of a request for a permanent injunction, explain the nature of the irreparable injury, and how the injury outweighs any potential damage to the opposing party.]*

## 12. AMENDMENTS TO PLEADINGS.

*[State "None" in the usual case. Otherwise, provide a concise statement of all proposed amendments and indicate whether a motion to amend has been filed.]*

## 13. DISCOVERY.

Under the scheduling order and any amendments, all discovery was to have been completed by _____, 20___. Discovery is [complete] [incomplete, in that _____].

Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations. Under these circumstances, the parties may conduct discovery beyond the deadline for completion of discovery if all parties are in agreement to do so, but the court will not be available to resolve any disputes that arise during the course of this extended discovery.

*[State that discovery is "complete" in the usual case. However, if discovery is incomplete and one or more of the parties proposes that discovery be extended generally or for limited purposes, state specifically what further discovery remains to be completed and whether any party objects to such discovery. In addition, state when that discovery can be completed and why, in the exercise of due diligence, the*

*proposed discovery could not have been completed by the deadline earlier set by the court.]*

## 14.   WITNESSES AND EXHIBITS.

**a.   Final Witness and Exhibit Disclosures Under Rule 26(a)(3).**  The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A) shall be filed no later than 21 days before trial.  With regard to each witness disclosed under Fed. R. Civ. P. 26(a)(3)(A)(i), the disclosures also shall set forth the subject matter of the expected testimony and a brief synopsis of the substance of the facts to which the witness is expected to testify. Witnesses expected to testify as experts shall be so designated. Witnesses and exhibits disclosed by one party may be called or offered by any other party.  Witnesses and exhibits not so disclosed and exchanged as required by the court's order shall not be permitted to testify or be received in evidence, respectively, except by agreement of counsel or upon order of the court. The parties should bear in mind that seldom should anything be included in the final Rule 26(a)(3)(A) disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

**b.   Objections.**  The parties shall file any objections under Fed. R. Civ. P. 26(a)(3)(B) no later than 14 days before trial. The court shall deem waived any objection not timely asserted, unless excused by the court for good cause shown.

**c.   Marking and Exchange of Exhibits.**  All exhibits shall be marked no later than 5 business days before trial. The parties shall exchange copies of exhibits at or before

the time they are marked. The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter. In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits. Exhibit Nos. 1-400 shall be reserved for plaintiff(s); Exhibit Nos. 401-800 shall be reserved for defendant(s); Exhibits 801 and higher shall be reserved for any third party. Each exhibit that the parties <u>expect</u> to offer shall be marked with an exhibit sticker, placed in a three-ring notebook, and tabbed with a numbered tab that corresponds to the exhibit number. The parties shall prepare exhibit books in accordance with the requirements of the judge who will preside over trial. The parties shall contact the judge's courtroom deputy clerk to determine that judge's specific requirements.

  **d. Designations of Deposition Testimony.**

   **(1) <u>Written Depositions</u>.** Consistent with Fed. R. Civ. P. 26(a)(3)(A)(ii), any deposition testimony sought to be offered by a party other than to impeach a testifying witness shall be designated by page and line in a pleading filed no later than 21 days before trial. Any counter-designation in accordance with Fed. R. Civ. P. 32(a)(6), and any objections to the designations made by the offering party, shall be filed no later than 14 days before trial. Any objections to counter-designations shall be filed no later than 5 business days before trial. <u>Before</u> filing <u>any</u> objections, the parties shall have conferred in good faith to resolve the dispute among themselves. No later than 3 business days before trial, to facilitate the court's ruling on any objections to designations or counter-designations, the

party seeking to offer the deposition testimony shall provide the trial judge a copy of each deposition transcript at issue.  Each such transcript shall be marked with different colored highlighting.  Red highlighting shall be used to identify the testimony that plaintiff(s) has designated, blue highlighting shall be used for defendant(s), yellow highlighting shall be used for any third party, and green highlighting shall be used to identify the objections to any designated testimony.  After receiving and reviewing these highlighted transcripts, the court will issue its rulings regarding any objections.  The parties shall then file the portions of the depositions to be used at trial in accordance with D. Kan. Rule 32.1.

(2)   **Videotaped Depositions.**  The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts.  After the court issues its rulings on the objections to testimony to be presented by videotape or DVD, the court will set a deadline for the parties to submit the videotape or DVD edited to reflect the designations and the court's rulings on objections.

## 15.   MOTIONS.

### a.   Pending Motions.

*[List any pending motions, including the date of filing and the court docket number.]*

### b.   Additional Pretrial Motions.

After the pretrial conference, the parties intend to file the following motions:

*[Specifically list all motions that the parties reasonably expect to file after the pretrial conference and before trial.  At the pretrial conference, a date will be fixed*

*for filing all motions and supporting memoranda for which a deadline has not already been set.]*

The dispositive motion deadline, as established in the scheduling order and any amendments, is _____, 20__.

Consistent with the scheduling order filed earlier in this case, the arguments and authorities section of briefs or memoranda submitted in connection with all further motions or other pretrial matters shall not exceed 30 pages, absent an order of the court.

[Judge Belot has entered a standing order governing dispositive and non-dispositive motions, and a separate standing order governing when hard copies of electronically filed documents must be delivered to chambers.  These standing orders can be found on the court's Internet website:

*http://www.ksd.uscourts.gov/chambers/mlb/Sorder.pdf* and

*http://www.ksd.uscourts.gov/chambers/mlb/CMECFSO.pdf*, respectively.]

**c.**     **Motions Regarding Expert Testimony.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by 28 days before trial [but, if such a motion as a practical matter will be case-dispositive, or if an evidentiary hearing on the motion is reasonably anticipated, then this deadline shall be set in accordance with the dispositive motion deadline stated above].  (*Alternative Language*: [Not applicable, i.e., the parties have

stipulated that no expert witnesses will testify in this case.] [The parties have stipulated that no motions will be filed challenging the propriety of expert testimony.])

    **d.**    **Motions in Limine.**  All motions in limine, other than those challenging the propriety of an expert witness, shall be filed no later than 14 days before trial.  Briefs in opposition to such motions shall be filed within the time period required by D. Kan. Rule 6.1(d)(1), or at least 5 business days before trial, whichever is earlier.  Reply briefs in support of motions in limine shall not be allowed without leave of court.

**16.**    **TRIAL.**

    **a.**    This case is set for trial on the court's docket beginning on _____, **200__, at _____**.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting. Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  [*Alternative language*: This case probably will not be set for trial until after all timely filed dispositive motions have been decided by the court.]

    **b.**    Trial will be [by jury] [by the court sitting without a jury].

    **c.**    Estimated trial time is _____ days/weeks.

    **d.**    Trial will be in _____, Kansas, or such other place in the District of Kansas where the case may first be reached for trial.

    **e.**    [Pursuant to 28 U.S.C. § 636(c)(1), and by agreement and consent of the parties, this case may be tried on a "backup" basis by U.S. Magistrate Judge _____

_____, i.e., if the assigned U. S. District Judge determines that his or her schedule will be unable to accommodate any trial date stated above.]   [Pursuant to 28 U.S.C. § 636(c)(1), and by agreement and consent of the parties, this case may be tried by U.S. Magistrate Judge _____.]   [Not all of the parties are willing to consent to the trial of this case being presided over by a U.S. Magistrate Judge, even on a backup basis if the assigned U.S. District Judge determines that his or her schedule will be unable to accommodate any trial date stated above.]

   **f.**   Because of constraints on the judiciary's budget for the compensation of jurors, in any case in which the court is not notified of a settlement at least 1 full business day prior to the scheduled trial date, the costs of jury fees and expenses will be assessed to the parties, or any of them, as the court may order. *See* D. Kan. Rule 40.3.

## 17.   SETTLEMENT.

   **a.**   **Status of Settlement Efforts.**

   *[Do not disclose the specific amount of any given offer or counter-offer. However, summarize all settlement efforts to date, including the following: (1) the good faith efforts to resolve this matter in which the parties have participated, including the date when the parties participated in mediation, and the identity of the mediator; (2) the date when the parties last exchanged written, good faith settlement proposals; (3) the parties' views concerning future settlement negotiations and prospects for settlement; and (4) unless mediation and/or any other method of alternative dispute resolution would be futile, the parties' plan for mediation and/or any other method of alternative dispute resolution (including the name of the person chosen to conduct the chosen process, the date on which the process will occur, and the party representatives who will participate).]*

**b.    Mediation and/or Other Method of Alternative Dispute Resolution.**
Mediation [and/or any other method of alternative dispute resolution] [is] [is not] ordered as
follows: _____.

## 18.    FURTHER PROCEEDINGS AND FILINGS.

**a.    Status and/or Limine Conference.**   Relatively close to the date of trial, the
trial judge [probably] [may] [will] schedule [has scheduled] a status and/or limine conference
[for _____ ___, 20__, at _____].

**b.    Trial Briefs.**   A party desiring to submit a trial brief shall comply with the
requirements of D. Kan. Rule 7.6.   The court does not require trial briefs but finds them
helpful if the parties anticipate that unique or difficult issues will arise during trial.

**c.    Voir Dire.**   Due to substantially differing views among judges of this court
concerning the extent to which counsel will be allowed to participate in voir dire, counsel are
encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the
preference of the particular trial judge) to determine what, if anything, actually needs to be
submitted by way of proposed voir dire questions.   Generally, proposed voir dire questions
only need to be submitted to address particularly unusual areas of questioning, or questions
that are likely to result in objections by the opposing party.

**d.    Jury Instructions.**

**(1)**    Requests for proposed instructions in jury cases shall be submitted in
compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1.   Under D. Kan. Rule 51.1, the

parties and the attorneys have the <u>joint</u> responsibility to attempt to submit <u>one</u> agreed set of

preliminary and final instructions that specifically focuses on the parties' factual contentions,

the controverted essential elements of any claims or defenses, damages, and any other

instructions unique to this case.  In the event of disagreement, each party shall submit its own

proposed instructions with a brief explanation, including legal authority as to why its

proposed instruction is appropriate, or why its opponent's proposed instruction is

inappropriate, or both.  Counsel are encouraged to contact the trial judge's law clerk or

courtroom deputy (in accordance with the preference of the particular trial judge) to

determine that judge's so-called standard or stock instructions, e.g., concerning the jury's

deliberations, the evaluation of witnesses' credibility, etc.; it is not necessary to submit such

proposed jury instructions to the court.

> **(2)**     Proposed instructions in jury cases shall be filed no later than 3

business days before trial.  Objections to any proposed instructions shall be filed no later than

1 business day before trial.

> **(3)**     In addition to filing the proposed jury instructions, the parties shall

submit their proposed instructions (formatted in WordPerfect 9.0, or earlier version) as an

attachment to an Internet e-mail sent to the e-mail address of the assigned trial judge listed

in paragraph II(E)(2)(c) of the *Administrative Procedures for Filing, Signing, and Verifying*

*Pleadings and Papers by Electronic Means in Civil Cases.*

e.    **Proposed Findings of Fact and Conclusions of Law.**  If this case is tried to the court sitting without a jury, in order to better focus the presentation of evidence, the parties shall file preliminary sets of proposed findings of fact and conclusions of law no later than 5 business days before trial.  In most cases, the trial judge will order the parties to file final sets of proposed findings after the trial transcript has been prepared.

19.    **OTHER.**

a.    **Conventionally Filed Documents.**  The following documents shall be served by mail and by fax or hand-delivery on the same date they are filed with the court if they are filed conventionally (i.e., not filed electronically): final witness and exhibit disclosures and objections; deposition designations, counter-designations, and objections; motions in limine and briefs in support of or in opposition to such motions; trial briefs; proposed voir dire questions and objections; proposed jury instructions and objections; and proposed findings of fact and conclusions of law.  In addition, a party filing a trial brief conventionally shall deliver an extra copy to the trial judge's chambers at the time of filing.

b.    **Miscellaneous.**

*[Identify any significant matter affecting trial of the case not properly noted elsewhere. Otherwise, simply state: "None." This part of the pretrial order may also include additional language that is required by the judge to whom the case is assigned.  For example, in cases tried before Judge Belot or Judge Crow, the language set out below should be used.]*

EXAMPLE OF REQUIRED LANGUAGE IN PARAGRAPH 19(b) FOR CASES TRIED BY JUDGE BELOT:

The court usually will hold a status conference approximately one week prior to trial. Out-of-town counsel may appear by telephone.

The courtroom is equipped with a television, VCR, Elmo, easel and projector screen for your use.  Counsel wishing to use other equipment should contract Carolyn Lary at least 5 days prior to trial.

The courtroom number is 161.   Directly across from the courtroom are two attorney/witness rooms for your use.

EXAMPLE OF REQUIRED LANGUAGE IN PARAGRAPH 19(b) FOR CASES TRIED BY JUDGE CROW:

The court will hold a status conference approximately two to three weeks prior to trial.

The parties shall comply with Judge Crow's Standing Order Pertaining to CM/ECF, dated March 6, 2003.

**20.    POSSIBLE ADJUSTMENT OF DEADLINES BY TRIAL JUDGE.**

With regard to pleadings filed shortly before or during trial (e.g., motions in limine, trial briefs, proposed jury instructions, etc.), this pretrial order reflects the deadlines that the court applies as a norm in most cases.  However, the parties should keep in mind that, as a practical matter, complete standardization of the court's pretrial orders is neither feasible nor desirable. Depending on the judge who will preside over trial, and what adjustments may be appropriate given the complexity of a particular case, different deadlines and settings may be ordered.  Therefore, from the pretrial conference up to the date of trial, the parties must

comply with any orders that might be entered by the trial judge, as well as that judge's trial guidelines and/or exhibit instructions as posted on the court's Internet website:

*(http://www.ksd.uscourts.gov/chambers).*

IT IS SO ORDERED.

Dated this _____ day of _____, 20__, at _____, Kansas.

_____
[Name]
U. S. District Judge (or)
U. S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
| --- | --- |
| Event | Deadline/Setting |
| Extended deadline to complete any remaining discovery (if applicable) | |
| Mediation/settlement conference (if applicable) | |
| Dispositive motions (e.g., summary judgment) | |
| Motions challenging admissibility of expert testimony | |
| Trial | |
| Status and/or limine conference (if presently set) | |
| Final witness & exhibit disclosures | 21 days before trial |
| Objections to final witness & exhibit disclosures | 14 days before trial |
| Exhibits marked | 5 business days before trial |
| Deposition testimony designated | 21 days before trial |
| Objections to deposition designations, along with any counter-designations | 14 days before trial |
| Objections to counter-designations of deposition testimony | 5 business days before trial |
| Submission of disputed deposition designations to trial judge | 3 business days before trial |
| Motions in limine | 14 days before trial |
| Briefs in opposition to motions in limine | 5 business days before trial, unless due earlier under D. Kan. Rule 6.1(d)(1) |
| Proposed jury instructions | 3 business days before trial |
| Objections to proposed jury instructions | 1 business day before trial |
| Preliminary sets of proposed findings of fact and conclusions of law in bench trials | 5 business days before trial |

(Revised 5/93)

[Add case caption]

EXHIBIT SHEET

Case No: _____          _____ Exhibits

| No. | Description | I.D. | Off. | Adm. | Deposition or Witness |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |